FRANCO OINS ET AL., DEMANDANTES, Y JONES, OBISPO DE LA IGLESIA CATÓLICA, APOSTÓLICA, ROMANA, INTERVENTOR Y APELADO, *v.* CANEJA, DEMANDADO-APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre cobro de réditos.

No. 1630.—Resuelto en junio 29, 1918.

CENSOS—CUÁNDO CORRESPONDE AL CENSUALISTA EL PAGO DE IMPUESTOS—INTERPRETACIÓN DEL ARTÍCULO 298 DEL CÓDIGO POLÍTICO.—Si bien el artículo 1525 del Código Civil impone al censatario la obligación de pagar las contribuciones y demás impuestos que afecten a la finca acensuada, pudiendo, al verificar el pago de las pensiones, descontar de ellas la parte de los impuestos que corresponde al censualista, este precepto no es absoluto sino que depende de que le corresponda al censualista el pago de algún impuesto.

El artículo 298 del Código Político, atendidos los términos en que. está redactado, como última expresión de la voluntad del poder legislativo, no imputa contribución alguna al censualista, pues al ordenar que al verificar la tasación no se haga deducción alguna por semejante concepto al dueño de un inmueble, claramente sólo exceptúa los censos y demás gravámenes a que se refiere, otorgados con posteridad al 31 de enero de 1901, y anteriormente a la fecha de 10 de marzo de 1904, en que fué aprobada la enmienda, para cuyo caso de excepción se impone la obligación de satisfacer las contribuciones al censualista. No aparece que la legislatura tuviera la intención de que en los demás casos no exceptuados, entre los cuales están comprendidos los censos de que se trata en el presente pleito, también las contribuciones pagadas por el dueño de la propiedad constituyeran un abono, a su favor en la parte proporcional del capital de los censos.

El artículo 1057 del Código Civil ordena que las obligaciones derivadas de la ley no se presumen y sólo son exigibles las *expresamente* determinadas en dicho código o en leyes especiales, debiendo regirse por los preceptos de la ley que las hubiere establecido y en lo que ésta no hubiere previsto por las disposiciones del Libro IV del mismo código. Donde el código dice *expresamente* ha querido decir *claramente, determinadamente, concretamente, manifiestamente.*

La intención de la legislatura de que el censualista pague contribuciones, sobre censos que no han sido constituídos dentro del período de tiempo comprendido entre el 31 de enero de 1901, y el 10 de marzo de 1904, no es clara, determinada, concreta, manifiesta, y las obligaciones derivadas de la ley no se presumen, esto es, no han de deducirse, por meras conjeturas y por las relaciones lógicas de unos preceptos con otros.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogados del interventor: *Sres. Antonio J. Amadeo* y *Eduardo Acuña Aybar.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 26 de abril de 1915 la Sucesión de José Gumersindo Zuazo y Valdés representada por María del Mar, María de las Mercedes, María de los Remedios, María de la Concepción y Salvador Franco Oins, presentó demanda ante la Corte de Distrito de San Juan, Sección 1ª., contra Marcos T. Caneja con súplica de que se dictara sentencia condenando al demandado a pagar a los demandantes la suma de $1,875 que adeudaba en concepto de dueño de la casa No. 10 de la calle de San Sebastián de esta ciudad, de cuyos alquileres por disposición del testamento otorgado en 28 de julio de

1854 por Zuazo y Valdés, entonces dueño de dicha casa, habían de destinarse $200 para misas por el bien de su alma y $100 con igual objeto por las almas de sus padres.

Contestó Marcos T. Caneja la anterior demanda objetando la personalidad de los demandantes para hacer la reclamación antedicha y entonces el Obispo de la Iglesia Católica, Apostólica, Romana de Puerto Rico, Monseñor William A. Jones, hizo una moción solicitando intervenir en el pleito, lo que le fué concedido, presentando en su consecuencia demanda como interventor en 29 de octubre de 1915 con súplica de que se dictara sentencia condenando al demandado a pagarle la suma de $1,280.53 por réditos vencidos hasta el año de 1914 de censos impuestos sobre la expresada casa número 10 de la calle de San Sebastián, más los que se hayan devengado durante el año de 1915 hasta su pago final, con costas, gastos y honorarios de abogado que ocasionara la demanda.

Alega el interventor que la casa número 10 de la calle de San Sebastián está gravada con los siguientes censos: uno por la suma de 6,000 pesos, moneda macuquina, a favor de Obras Pías; otro de 2,000 pesos españoles a favor de las Reverendas Madres Carmelitas; otra de 200 pesos españoles a favor de Capellanías Vacantes; y otro de 313 pesos provinciales a favor de la Cofradía de Santa Rosa, cuyos censos todos devengan réditos del 5 por ciento anual. Que por escritura otorgada ante el notario don Francisco de la Torre en 16 de noviembre de 1907 el demandado adquirió de la Sucesión Hidalgo la mencionada finca y reconoció todos los censos expresados, consignándose en la escritura que el comprador se reservaba del precio de la finca $6,817 a que ascendían los censos que la gravaban, después de hecha la oportuna reducción al cambio existente en la fecha indicada. Y que el demandado adeuda al demandante la suma de $1,280.53 por réditos vencidos hasta el año de 1914, los que se ha negado y se niega a pagar en su totalidad.

El demandado al contestar la demanda admitió la exis-

tencia de los censos de que se trata sobre la casa No. 10 de
la calle de San Sebastián de que actualmente es dueño y
alega que el verdadero importe de los réditos que debe pagar
incluyendo los del año 1915 es de $839.35 deduciendo los
abonos que tenía hechos en efectivo y los descuentos corres-
pondientes de contribuciones, cuya suma había consignado
en el expediente unido al efecto negándose el demandante a
aceptar la cantidad consignada al serle notificada la con-
signación, por no ser esa la suma debida por réditos sino la
de $1,280.53 hasta el año de 1914 inclusive, por lo que pide
se declare bien hecha la consignación, adjudicando al deman-
dante en pago de los réditos de 1914 y de 1915 los $839.35
consignados para el pago y condenando al demandante inter-
ventor al pago de las costas del pleito y del expediente de
consignación, con inclusión de la cantidad de $400 para hono-
rarios del abogado del demandado.

Al procederse a la celebración del juicio, antes de comen-
zarse la práctica de las pruebas, la representación de la su-
cesión José Gumersindo Zuazo y Valdés desistió de su de-
manda, dejando al Sr. Obispo interventor que continuara su
demanda de intervención, y la corte admitió tal desistimiento.

Celebrado el juicio fué pronunciada sentencia en 11 de
mayo de 1916 declarando con lugar la demanda y condenando
al demandado a pagar al interventor demandante la suma
de $1,280.53 por réditos vencidos hasta el año 1914, de los
censos a que se refiere la demanda de intervención, quedando
en libertad el demandante de reclamar los réditos vencidos
con posterioridad a la interposición de la demanda en la
forma que fuere procedente, con las costas a cargo del de-
mandado, cuya sentencia fué apelada para ante esta Corte
Suprema por la representación del demandado.

Según consigna en su alegato la parte apelante, no existe
en este pleito diferencia en materia de cantidades entre lo
reclamado por el demandante y lo alegado por el demandado
siendo la diferencia solamente de una pequeña suma de
$12.14, debida sin duda a las diferencias del cambio de la

moneda española en distintas fechas, y la única cuestión que
en realidad se debate en el pleito es la de si Marcos T. Ca-
neja tiene el derecho de descontar de los réditos de los censos
de autos la parte de contribuciones que al capital de dichos
censos corresponde, o lo que es lo mismo, si pesa sobre el
censualista el deber de pagar las contribuciones por el capital
de los censos y tiene por tanto derecho el censatario a que el
importe de aquéllas se deduzca de los réditos de los censos.

Estamos conformes con la apreciación hecha en su opi-
nión por la corte inferior de que ni de la prueba documental
ni de la testifical resulta la obligación del censualista de
pagar las contribuciones de los censos.

Tampoco la ley le impone semejante obligación. Cierta-
mente que según el artículo 1525 del Código Civil el censa-
tario está obligado a pagar las contribuciones y demás im-
puestos que afecten a la finca acensuada pudiendo al veri-
ficar el pago de la pensión descontar de ella la parte de los
impuestos que correspondan al censualista. Ese precepto
no es absoluto sino que depende de que le corresponda al
censualista el pago de algún impuesto. Al censualista inter-
ventor no se le impone en el presente caso el pago de con-
tribución o impuesto alguno y por tanto nada está obligado
a pagar ni en su consecuencia puede el censatario hacer el
descuento a que se refiere el artículo 1525 del Código Civil.

La sección 3ª. de la Ley de Rentas Internas aprobada en
31 de enero de 1901 que vino a ser el artículo 291 del Código
Político aprobado en 1902 declara exentos de tasación para
la imposición de contribuciones los gravámenes y censos que
no devenguen más de 5 por ciento de interés anual, siempre
que expresamente se dediquen al cumplimiento de voluntad
testamentaria, por la cual se destinen a fines de beneficencia
o educación. Esa exención no afecta a los censos de que
trata el presente pleito pues no aparece que estén destinados
a fines de beneficencia o educación.

El artículo 298 del Código Político de 1902 textualmente
dice así:

"Toda hipoteca, censo, hipoteca con cláusula de venta, contrato, u otra obligación dada en garantía de una deuda, se considerará y apreciará, para los fines de tasarla y de imponerle contribuciones como una participación en la propiedad que afecte. En caso de deudas garantizadas de este modo, el valor de la propiedad afectada por dicha hipoteca, censo, hipoteca con cláusula de venta, contrato, u obligación, menos el valor de la expresada garantía, se tasará y se le impondrá contribución a nombre del propietario, en el distrito municipal u otra división local en que radique la propiedad. Pero no pagará contribución el acreedor hipotecario sobre ninguna deuda así garantizada, si por cláusula clara é inequívoca contenida en el convenio, ha de ser satisfecha por el deudor; pero en tal caso se impondrá y recaudará la contribución a dicho deudor hipotecario. Las contribuciones así impuestas constituirán un gravamen sobre la propiedad y sobre la garantía del crédito, gravamen que podrá ser cancelado por cualquiera de las partes, pero si el dueño de la propiedad verifica el pago de dichas contribuciones, será esto un abono a la deuda garantizada y por completo redimirá tanto de ella cuanto la cantidad satisfecha alcance a cubrir.''

El artículo que dejamos transcrito quedó enmendado por la ley de 10 de marzo de 1904 en la forma siguiente:

"Que todos los bienes raíces le serán tasados en el municipio en que estuvieren ubicados para imponerles contribución, a la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día primero de abril (1904); y la persona que en dicha fecha apareciere ocupándola será tenida por dueño legítimo de dichos bienes. No se hará deducción por concepto de ninguna hipoteca, censo, venta con pacto de retro, contrato u otra obligación con que estuviere gravada dicha propiedad inmueble; excepto en el caso de que la referida hipoteca, censo, venta con pacto de retro, contrato u otra obligación dada en garantía de alguna deuda contra la propiedad, hubieran sido otorgadas con posterioridad al 31 de enero de 1901, y anterioridad a la aprobación de esta Ley, correspondiendo la obligación de satisfacer las contribuciones sobre los mismos al acreedor hipotecario o tenedor de dicha hipoteca, censo, venta con pacto de retro, contrato u otra obligación los cuales en tal caso, se seguirán considerando y tratando como un interés en la propiedad afectada por ellos, quedando el tenedor o censualista sujeto al pago de las contribuciones correspondientes a los mismos, y el valor de la propiedad afectada por dichos gravámenes, deducido el de éstos, será lo

que se tomará en cuenta para la imposición de contribuciones al dueño de la misma en el distrito municipal u otra división local en que estuviere radicada la propiedad; y las contribuciones así impuestas constituirán un gravamen sobre la propiedad y la garantía, pudiendo ser satisfechas por cualquiera de las partes en dicha garantía; pero si el dueño de la propiedad las pagare, dichas contribuciones constituirán un abono a cuenta de la deuda, y en la cuantía de las mismas, una carta de pago por tal concepto."

El artículo 298 del Código Político tal como quedó enmendado por la ley de 10 de marzo de 1904, fué enmendado por ley posterior de 3 de septiembre de 1910, pero esa enmienda no introduce más. variante que la de disponer "que todos los bienes raíces serán tasados en el municipio en que estuvieren ubicados para imponerles contribución a nombre de la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día 15 de enero, y la persona en cuyo nombre apacieren inscritos en dicha fecha será tenida por dueño legítimo de dichos bienes." En todo lo demás fué reproducido el artículo 298 del Código Político en la forma en que fué enmendado por la ley de marzo 10, 1904.

El artículo 298, atendidos los términos en que está redactado, como última expresión de la voluntad del poder legislativo no impone contribución alguna al censualista, pues al ordenar que al verificar la tasación no se haga deducción alguna por semejante concepto al dueño de un inmueble, claramente sólo exceptúa los censos y demás gravámenes a que se refiere, otorgados con posterioridad al 31 de enero de 1901 y anteriormente a la fecha de 10 de marzo de 1904 en que fué aprobada la enmienda, para cuyo caso de excepción se impone la obligación de satisfacer las contribuciones al censualista. Dicha excepción no afecta a los censos cuyos réditos se cobran por el interventor apelado, pues éstos no fueron constituídos. con posterioridad al 31 de enero de 1901 y con anterioridad al 10 de marzo de 1904 en que fué aprobada la enmienda al artículo 298 del Código Político. Para esos casos de excepción ordena la ley que si el dueño de la propiedad pagare las

contribuciones éstas constituirán un abono a cuenta de la deuda y en la cuantía de las mismas una carta de pago por tal concepto. No aparece que la legislatura tuviera la intención de que en los demás casos no exceptuados, entre los cuales están comprendidos los censos de que se trata en el presente pleito, también las contribuciones pagadas por el dueño de la propiedad constituyeran un abono a su favor en la parte proporcional del capital de los censos.

La obligación que el apelante trata de exigir al censualista no se deriva ni del Código Civil ni del Código Político.

El artículo 1057 del Código Civil ordena que las obligaciones derivadas de la ley no se presumen y sólo son exigibles las *expresamente* determinadas en dicho código o en leyes especiales, debiendo regirse por los preceptos de la ley que las hubiere establecido y en lo que ésta no hubiere previsto por las disposiciones del Libro IV del mismo código. Donde el código dice *expresamente* ha querido decir *claramente, determinadamente, concretamente, manifiestamente,* según Q. Mucius Scaevola al comentar el artículo 1090 del Código Civil Español del que es una reproducción el 1057 del Código Revisado.

La intención de la legislatura de que el censualista pague contribuciones, sobre censos que no han sido constituídos dentro del período de tiempo comprendido entre el 31 de enero de 1901 y el 10 de marzo de 1904, no es clara, determinada, concreta y manifiesta, y las obligaciones derivadas de la ley no se presumen, esto es, no han de deducirse, según Scaevola, por meras conjeturas y por las relaciones lógicas de unos preceptos con otros.

Opinamos, pues, que el demandado estaba en el deber de pagar al representante de la Iglesia Católica, Apostólica, Romana de Puerto Rico, sin el descuento que alega por razón de contribuciones, la suma que se le reclama en la demanda, o sea la de $1,280.53 por los réditos vencidos hasta el año de 1914, y como no consignó el total de dicha suma es claro

que la consignación fué ineficaz en derecho a los fines de quedar extinguida su obligación.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron de la opinión en este caso.